[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a claim for attorney's fees brought by Attorney Nancy Burton (hereinafter Burton) against Sylvia W. Browd (hereinafter Browd).
The plaintiff seeks to recover for services rendered to the defendant following the signing of an agreement in March of 1991 (Exhibit 4).
The plaintiff is an attorney licensed to practice in the State of Connecticut, who was engaged to represent Browd regarding her attempts to rescind the purchase of a condominium unit.
In the agreement between Burton and Browd, dated March 8, 1991, Burton agreed to pursue recission of a contract to purchase Unit 203 of the Deer Hill Arms II condominiums, located at 134-36 Deer Hill Avenue in Danbury.
Burton agreed that her fee would be limited to "twenty (20) percent of any funds . . . awarded in compensatory and punitive damages . . ." and that any costs of the litigation would be CT Page 8822 advanced by Burton, and would be included in the 20 percent fee.
A prejudgment remedy was sought in May of 1991, contemporaneous with the filing of a complaint naming multiple defendants (Exhibit G).
Named as defendants were Gary R. Michael and Dennis N. Michael, doing business as Deer Hill Arms II, Limited Partnership, Davis Hoyt, Inc., Greenwood Associates, and Deer Hill Arms II, Limited Partnership.
The complaint sought both legal and equitable relief in six counts.
The plaintiff requested recission of the contract of sale for Unit 203, claimed a violation of the Connecticut Unfair Trade Practices Act (CUTPA), and asked damages for physical and emotional distress.
Browd acquired title to the property by deed, dated October 25, 1989, and recorded at book 936, page 423, of the Land Records of the City of Danbury on October 27, 1989 (Exhibit F).
The deed was signed by Gary R. Michael, President and duly authorized officer of Deer Hill Arms II Limited Partnership.
It is clear from the deed, contrary to the initial complaint of May 23, 1991 (Exhibit G), the revised complaint of October 12, 1993 (Exhibit H), and the substitute revised complaint on December 6, 1993 (Exhibit I), that Browd did not purchase Unit 203 from Gary R. Michael or Dennis N. Michael (Exhibit F).
Nearly three years later when Burton moved to withdraw as counsel, the case had been printed on the dormancy calendar for April 12, 1994, because the pleadings had not yet been closed and the case had not been claimed to a trial list.
Burton informed Browd of the dormancy calendar (Exhibit E).
In addition to drafting the pleadings, research, and court appearances, Burton contacted the office of the Connecticut Attorney General (Exhibit K) and corresponded with Attorney Peter B. Cooper (Exhibit L) concerning the matter of Sylvia W. Browd v.Gary R. Michael, et al. (Docket No. CV-91-0305841). CT Page 8823
Burton contends that prior to being discharged by Browd in April, 1994, she expended moneys for costs related to the litigation amounting to $2,737.04 (Exhibit 25).
Prior to trial and after the pleading had been closed, Browd engaged Attorney Douglas J. Lewis to represent her. Browd v.Michael, et al. was tried to a jury before the Hon. Edward F. Stodolink in December, 1994.
Following the trial, Browd was awarded a judgment of recission against Deer Hill Arms II, Limited Partnership.
The court further determined that a violation of CUTPA had been proven as to the defendant Deer Hill Arms II, Limited Partnership, but found no damages (Exhibit 22, p. 9).
The court ordered attorney's fees, based upon the CUTPA violation.
Judge Stodolink further ordered that no portion of the fees awarded were due to Burton based upon testimony by Browd that Burton was either owed no fee, or that she had waived any claim to attorney's fees (Exhibit 14).
 CONTRACT (EXHIBIT 4) DOES NOT PROVIDE BASIS FOR RECOVERY
If this case was limited to the right of Burton to recover fees based upon the agreement of March, 1991 (Exhibit 4), recovery would not be permitted.
By the terms of the agreement, Burton was only entitled to recover a fee in the event of an award of compensatory and punitive damages.
If the result of the litigation merely restored Browd to her position prior to her purchase of Unit 203 in 1989, no fee would be due.
Furthermore, according to the agreement (Exhibit 4), any costs incurred are included within any fee earned.
Exhibit 4, which constitutes a valid agreement for legal services and complies with Rule 1.5(c) of the Rules of Professional Conduct, would have governed Burton's right to recover for services rendered had she not been discharged by CT Page 8824 Browd in April of 1994.
Following the trial, Browd was awarded recission of the contract for Unit 203, and attorney's fees based upon the efforts of trial counsel (Exhibit 14).
Browd was not restored to her position prior to entering into the purchase agreement, however.
Therefore, no fees for services would be due to Burton under the contract (Exhibit 4).
However, because Burton was not given an opportunity to fulfill her obligations under the agreement, but was discharged prior to trial, her right to recover is not dependent upon the terms and conditions of Exhibit 4. Cole v. Myers, 128 Conn. 223,230 (1941).
Therefore, it is necessary to determine whether recovery should be permitted under a quantum meruit standard.
 PLAINTIFF MAY RECOVER BASED UPON QUANTUM MERUIT AND THE RULES OF PROFESSIONAL CONDUCT Cole v. Myers, supra, 230, established the standard to be applied in situations where an attorney is discharged by a client, and is, therefore, unable to continue in a representative capacity:
 An attorney at law . . . is entitled to fair compensation for his services, but since, because of the highly confidential relationship, the client may discharge him even without just cause, he should receive reasonable compensation for the work he has done up to that point, and not the agreed fee he probably would have earned had he been allowed to continue in his employment. This rule is not unfair to the attorney. He will receive fair compensation for what he has done. . . .
In determining the value of services performed, a court should not look mechanically at the number of hours allegedly expended and multiply the hours expended by an appropriate hourly rate.
Instead, Rule 1.5 of the Rules of Professional Conduct should be consulted and applied to the unique facts of each particular CT Page 8825 case. RisCassi Davis, P.C. v. Peck, 5 Conn. L. Rptr. 71, 74-75 (1991).
Rule 1.5 reads:
 (a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of the fee include the following:
 (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
 (2) the likelihood, if [apparent] to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
 (3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
 (5) the time limitations imposed by the client or by the circumstances;
 (6) the nature and length of the professional relationship with the client;
 (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
Browd claims to have discharged Burton "for cause," and therefore, argues that the quantum meruit standard announced inCole v. Myers, supra, and RisCassi Davis, P.C. v. Peck, supra, does not apply.
Therefore, she claims the basis of any recovery should be Exhibit 4.
The plaintiff cites no authority for the "just cause" exception to recovery in quantum meruit, and the court declines to distinguish Cole v. Myers and RisCassi Davis, P.C. v. Peck, by adopting a rule barring recovery in quantum meruit where a CT Page 8826 client proves by a fair preponderance of the evidence that the discharge of an attorney was warranted, and "just cause" for the termination of the attorney-client relationship was present.
Although the state of the pleadings in Browd v. Michael, etal. in April of 1994, and Browd's frustration with the lack of progress in the litigation provided sufficient justification for Browd to seek a change in legal representation, that fact can not be allowed to defeat the plaintiff's recovery.
The "just cause" exception advanced by the defendant would be difficult to administer and would require a separate finding in each case that the attorney-client relationship was terminated through no fault of the discharged attorney.
The court believes this case is controlled by RisCassi Davis, P.C. v. Peck, supra, including the reliance placed in that case upon Rule 1.5 of the Rules of Professional Conduct.
After hearing the testimony of the witnesses at trial and examining the exhibits introduced by both the plaintiff and the defendant, the court makes the following findings:
 FINDINGS
1. IT IS FOUND, that Burton performed legal services at the request of, and on behalf of Browd, beginning in 1991, until she was discharged in April, 1994.
2. IT IS FOUND, that due to her discharge by Browd, Burton did not have an opportunity to complete her obligations to perform legal services pursuant to Exhibit 4.
3. IT IS FOUND, that in April, 1994, the pleadings in the case of Sylvia Browd v. Gary R. Michael, et al. (Docket No. CV-91-0305841) had not been closed and the case had been printed on a dormancy calendar.
4. IT IS FOUND, that the matter of Sylvia Browd v. Gary R.Michael, et al. was instituted in May of 1991, nearly three years before Browd discharged Burton as her attorney in April, 1994.
5. IT IS FOUND, based upon the testimony at trial and the review of the exhibits, that Browd had cause to discharge Burton as her attorney in April, 1994. CT Page 8827
6. IT IS FOUND, that pleadings were subsequently closed in the matter of Sylvia Browd v. Gary R. Michael, et al, and that trial commenced before the Hon. Edward F. Stodolink and a jury in December, 1994.
7. IT IS FOUND, that following the trial, Browd obtained a judgment of recission against Deer Hill Arms II, Limited Partnership, and that Browd prevailed on a claim alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA) against Deer Hill Arms II, Limited Partnership.
8. IT IS FOUND, that the court awarded attorney's fees in that case based upon work performed by trial counsel, Douglas J. Lewis, Esq., and not based upon any work performed by Burton, and that Burton has no claim to any fees which were awarded.
9. IT IS FOUND, that no recovery may be had by Burton under the agreement for services (Exhibit 4), due to her discharge by Browd.
10. IT IS FOUND, that a discharge from employment "for cause" does not prevent Burton from recovering the value of her services performed in quantum meruit.
11. IT IS FOUND, that Burton is entitled to recover for services rendered to Browd, pursuant to applicable case law and the provisions and criteria of Rule 1.5 of the Rules of Professional Conduct.
12. IT IS FOUND, that time expended and effort are not the only factors to be considered in determining a reasonable attorney's fee.
13. IT IS FOUND, based upon the testimony at trial, and applying the factors contained in the Rules of Professional Conduct, Rule 1.5, that Burton should recover the value of her services, plus costs expended.
14. IT IS FOUND, that costs incurred by Burton during the course of representing Browd in the matter of Sylvia Browd v.Gary R. Michael, et al., are $2,737.04.
15. IT IS FOUND, that the value of the services rendered by Burton is $3000. CT Page 8828
16. IT IS FOUND, that costs expended may be recovered by Burton in quantum meruit, although they would not be recoverable pursuant to Exhibit 4.
Judgment may enter in favor of the plaintiff in the amount of $5,737.04.
The plaintiff's motion for mistrial, dated June 7, 1999, is hereby denied.
Judgment may enter accordingly.
Radcliffe, J.